UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tracy Harris,

      Plaintiff,

v.                                                                                          Civil No. 12-669 (JNE/AJB)
                                                                         ORDER
Chase Bank USA, N.A., JP Morgan Chase
Bank, N.A., Chase Home Finance, LLC,
Lender Business Processing Service, and
Federal National Mortgage Association,

      Defendants.

      Tracy Harris brought this action against Chase Bank USA, N.A., JP Morgan Chase Bank, N.A., Chase Home Finance, LLC, Lender Business Processing Service, and Federal National Mortgage Association (FNMA) in state court. Invoking subject-matter jurisdiction on the basis of diversity of citizenship and 12 U.S.C. § 1723a(a) (2006), Seterus, Inc.,[1] and FNMA removed the action from state court. The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Accordingly, the Court observes that Seterus and FNMA did not properly allege the citizenship of all parties and that jurisdiction on the basis of § 1723a(a) might not exist. The Court grants Seterus and FNMA an opportunity to file an amended removal notice.

*Diversity of citizenship*

      A district court has original jurisdiction of a civil action if the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between

---

[1] The Notice of Removal states that Harris incorrectly identified IBM Lender Business Process Services, Inc., now known as Seterus, Inc., as Lender Business Processing Service in the Complaint.

1

citizens of different states.  28 U.S.C. § 1332(a)(1) (2006).  "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties."  *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).  Because they removed the action from state court, Seterus and FNMA bear the burden of establishing subject-matter jurisdiction.  *See Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005).

The Notice of Removal states that Harris is a citizen of Minnesota; that Chase Bank USA "is a national bank headquartered in Delaware"; that JP Morgan Chase Bank "is a national bank headquartered in Ohio"; that Chase Home Finance "is a limited liability company headquartered in New Jersey" and "organized under the laws of Delaware"; that Seterus "is a corporation organized under the laws of Delaware and headquartered in Oregon"; that FNMA "is a government-sponsored enterprise, incorporated by Act of Congress, headquartered in Washington, D.C."; and that "[t]he amount in controversy exceeds $75,000, exclusive of interest and costs."  The Court considers the allegations of the defendants' citizenships.

Seterus and FNMA stated the location of the national banks' headquarters.  For purposes of diversity jurisdiction, a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located."  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-07 (2006); *see Wells Fargo Bank, N.A. v. WMR e-Pin, LLC*, 653 F.3d 702, 709 (8th Cir. 2011) (holding that a national bank whose principal place of business is in a state different from the state where its main office is located "is a citizen only of the state in which its main office is

located"). Seterus and FNMA did not allege the states in which Chase Bank USA's and JP Morgan Chase Bank's main offices, as set forth in their articles of association, are located.[2]

Next, the allegation of Chase Home Finance's citizenship assumes that 28 U.S.C.A. § 1332(c)(1) (West, Westlaw through P.L. 112-89 (excluding P.L. 112-74, 112-78, and 112-81)), which defines a corporation's citizenship for purposes of diversity jurisdiction, applies to limited liability companies. But § 1332(c)(1) does not determine a limited liability company's citizenship for purposes of diversity jurisdiction. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004). Instead, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit*, 357 F.3d at 829. No information about Chase Home Finance's members appears in the record. *See generally Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (stating that the citizenship of a limited liability company must be traced through however many layers of members there may be to determine the limited liability company's citizenship); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction.").

---

[2] The Court recognizes that it is unusual for a national bank to have its principal place of business and main office in different states. *See Wachovia Bank*, 546 U.S. at 317 n.9 ("[I]n almost every case . . . the location of a national bank's main office and of its principal place of business coincide."); *Wells Fargo Bank*, 653 F.3d at 708 (considering "the outlier scenario identified in footnote nine of *Wachovia Bank*").

The Notice of Removal states that Seterus is a Delaware corporation that is "headquartered in Oregon." A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz*, 130 S. Ct. at 1186. "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." *Id.* at 1192. That Seterus has its headquarters in Oregon may give rise to an inference that its principal place of business is in Oregon, but the location of its principal place of business should be affirmatively stated. *See Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("[A]lthough the state in which a corporation has its headquarters is not always the state of the corporation's principal place of business (hence the complaint should not have used the term 'principal offices'), usually it is.").

Finally, FNMA is a citizen of the District of Columbia. *See* 12 U.S.C. § 1717(a)(2)(B) (2006) ("[FNMA] shall maintain its principal office in the District of Columbia or the metropolitan area thereof and shall be deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation.").

In short, Seterus and FNMA have not alleged the citizenship of all parties. Consequently, they have not satisfied their burden of establishing jurisdiction on the basis of diversity of citizenship. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2006). "If a party fails to specifically allege citizenship in [its] notice of removal, the district court should allow that party to cure the omission, as

authorized by § 1653." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (internal quotation marks omitted); *see McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 654 (7th Cir. 1998).  Accordingly, the Court grants Seterus and FNMA seven days to file an Amended Notice of Removal that states with specificity the citizenship of all parties.  *See Corporate Mgmt. Advisors*, 561 F.3d at 1298 (directing the district court to permit the removing party to amend its notice of removal).  If they fail to do so, the Court will conclude that diversity jurisdiction does not exist.  *See Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).

*12 U.S.C. § 1723a(a)*

In their Notice of Removal, Seterus and FNMA asserted that 12 U.S.C. § 1723a(a) establishes subject-matter jurisdiction.  At least one circuit court of appeals held that it does. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines*, 534 F.3d 779, 784-88 (D.C. Cir. 2008).  Several district courts concluded that it does not.  *E.g.*, *Rincon Del Sol, LLC v. Lloyd's of London*, 709 F. Supp. 2d 517, 522-25 (S.D. Tex. 2010); *Knuckles v. RBMG, Inc.*, 481 F. Supp. 2d 559, 562-65 (S.D. W. Va. 2007).  The assertion of diversity jurisdiction in this case might obviate the issue's consideration.  *See Steele v. Life Ins. Co. of N. Am.*, 507 F.3d 593, 595-96 (7th Cir. 2007) ("We need not decide whether the LINA policy is governed by ERISA because it is ultimately irrelevant to the outcome of this case.  There is an alternative basis for jurisdiction given that the parties are diverse."); *Cnty. of Boyd v. US Ecology, Inc.*, 48 F.3d 359, 360-61 (8th Cir. 1995) ("We need not resolve this question, however, because whatever the diversity situation, this case is within our subject matter jurisdiction because it presents a federal question."); *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 788 n.9 (5th Cir. 1993) ("We note that GM originally removed this case based upon federal question

jurisdiction as well as diversity.  Because we have decided that there was diversity, we need not decide whether a federal question was presented.").  If the Court decides to resolve the issue after submission of the amended removal notice, the Court will notify the parties and grant them an opportunity to brief it.  For now, the Court expresses no opinion on the issue.

*Conclusion*

In short, Seterus and FNMA did not state with specificity the citizenship of all parties in their Notice of Removal.  Within seven days of the date of this Order, Seterus and FNMA shall file an Amended Notice of Removal that states with specificity the citizenship of all parties.

IT IS SO ORDERED.

Dated: March 26, 2012

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge