UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tracy Harris,

        Plaintiff,

v.                                                                               Civil No. 12-669 (JNE/AJB)
                                                                                 ORDER

Chase Bank USA, N.A.; JP Morgan Chase
Bank, N.A.; Chase Home Finance, LLC;
Lender Business Processing Service; and
Federal National Mortgage Association,

        Defendants.

      This is a mortgage foreclosure case. The Complaint in this action contains claims in the nature of "show me the note" and private causes of action under the Home Affordable Mortgage Program ("HAMP"). Tracy Harris brought this action against Chase Bank USA, N.A., JP Morgan Chase Bank, N.A., Chase Home Finance, LLC (collectively, "Chase Defendants"), Lender Business Processing Service ("Seterus")[1], and Federal National Mortgage Association ("FNMA") in state court. Invoking subject-matter jurisdiction on the basis of diversity of citizenship and 12 U.S.C. § 1723a(a) (2006), Seterus and FNMA removed the action from state court on March 15, 2012; the Chase Defendants consented to removal. On March 26, 2012, this Court ordered Seterus and FNMA to file an Amended Notice of Removal that properly alleged the citizenship of all parties. The Amended Notice of Removal was filed on March 31, 2012, and the Court finds that it has jurisdiction over this matter under 28 U.S.C. § 1332(a). The Defendants now move to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil

---

[1] The Notice of Removal and Amended Notice of Removal state that the Complaint incorrectly identified IBM Lender Business Process Services, Inc., now known as Seterus, Inc., as Lender Business Processing Service.

1

Procedure.  There are currently two motions to dismiss before the Court—one filed by Defendants Seterus and FNMA, and the other filed by the Chase Defendants.

Harris's brief in response to Defendants Seterus and FNMA's Motion to Dismiss was due on April 12, 2012, and the brief in response to the Chase Defendants' Motion to Dismiss was due on May 16, 2012.  Harris filed no response to either Motion, and the time for responding has long passed.  Because the Court's own review of the allegations supports Defendants' assertions that the Complaint is insufficiently pled and fails to state a cause of action, and for the reasons more fully set forth in Defendants Seterus and FNMA's Memorandum supporting their Motion to Dismiss, the Motion will be granted with respect to all Defendants.

One additional matter deserves clarification.  The removed action was Hennepin County Case No. 27-cv-12-39.  To the extent that Harris attempted to amend the Complaint by serving, but not filing, an Amended Complaint on three of the five defendants prior to removal, the proposed amendment is disregarded.  In Minnesota, a state court action may be commenced by serving—but not filing—a complaint.  Minn. R. Civ. P. 3.01.  This is colloquially referred to as "pocket service" because a plaintiff may serve one or more defendants and keep the complaint "in his pocket" rather than making a public filing.  However, it is this Court's judgment that once a case is open in the state court, the action cannot be commenced *again* with the service of a nonpublic document.  Once a court file is open, any subsequent papers that are required to be served must also be filed with the court within a reasonable time after service.  *See* Minn. R. Civ. P. 5.04.  Such papers must also be served upon *each* of the parties.  Minn. R. Civ. P. 5.01.  The purported amendment was not filed in either state or federal court, was not attached to the Notice of Removal in this Court, and also was not served on two of the five defendants.  In any event,

the purported Amended Complaint would also be inadequate, as explained in the Chase Defendants' Memorandum in support of their Motion to Dismiss.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants Seterus and FNMA's Motion to Dismiss [Docket No. 2] is GRANTED.
2. Chase Defendants' Motion to Dismiss [Docket No. 12] is GRANTED.
3. In view of the Plaintiff's failure to respond, the hearing scheduled for June 7, 2012 is CANCELLED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 30, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
